IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORINNE HARDWOOD, JOHN J T McMURRAY,<br><br>        Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, DOE CORPORATIONS 1-10, DOES 1-10, inclusive,<br><br>        Defendants.<br>_____ | 2:10-cv-02450-GEB-KJM<br><br><u>ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE</u> |

        Defendant moves for dismissal of Plaintiffs' Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing Plaintiffs have failed to allege sufficient facts to state viable claims. Defendant also moves to strike Plaintiffs' punitive damages allegations under Rule 12(f). Plaintiffs oppose the dismissal motion, arguing "the Complaint is proper as to all causes of action." (Opp'n 1:7-8.)

**I. LEGAL STANDARD**

        A Rule 12(b)(6) dismissal motion tests the legal sufficiency of the claims alleged in the complaint. <u>Novarro v. Black</u>, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds

1

1  upon which relief rests . . . ." Bell Atlantic Corp. v. Twombly, 550
2  U.S. 544, 555 (2007).
3        Dismissal of a claim under Rule 12(b)(6) is appropriate only
4  where the complaint either 1) lacks a cognizable legal theory, or 2)
5  lacks factual allegations sufficient to support a cognizable legal
6  theory. Balistreri v. Pacific Police Dept., 901 F.2d 696, 699 (9th Cir.
7  1988). To avoid dismissal, a plaintiff must allege "only enough facts to
8  state a claim to relief that is plausible on its face." Twombly, 550
9  U.S. at 547.
10       In deciding a Rule 12(b)(6) motion, the material allegations
11 of the complaint are accepted as true and all reasonable inferences are
12 drawn in favor of the plaintiff. See al-Kidd v. Ashcroft, 580 F.3d 949,
13 956 (9th Cir. 2009). However, conclusory statements and legal
14 conclusions are not entitled to a presumption of truth. See Ashcroft v.
15 Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Twombly, 550 U.S. at 555. "In
16 sum, for a complaint to survive a motion to dismiss, the nonconclusory
17 'factual content,' and reasonable inferences from that content, must be
18 plausibly suggestive of a claim entitling the plaintiff to relief." Moss
19 v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

## II. FACTUAL ALLEGATIONS

21       "Plaintiffs and [Defendant] entered into a mortgage contract
22 for the purchase of Plaintiffs' home" around September of 2007. (Compl.
23 ¶ 5.) Defendant "is the mortgagee on record of the mortgage loan which
24 is the subject of this action." Id. ¶ 2.
25       Around April of 2009, Plaintiffs "became unable to make the
26 required payments under the contract" and "began negotiations to modify
27 the mortgage loan." Id. ¶¶ 7, 8. Defendant "was not willing to negotiate
28

1  or even discuss Plaintiffs['] financial situation and denied Plaintiffs'
2  loan modification." Id. ¶ 9.
3       "In or about April [of 2009, Defendant] authorized a short
4  sale." Id. ¶ 12. Plaintiffs hired a realtor, and "received an offer for
5  a short sale" more than the property's appraised value. Id. ¶¶ 13-14.
6  Ten months after the offer was sent to Defendant, "Defendant finally
7  responded by sending a counter-offer which led the Bona Fide Purchaser
8  . . . to rescind the agreement to purchase." Id. ¶ 15. Plaintiffs allege
9  they "are facing imminent danger of having their property foreclosed."
10 Id. ¶ 16.

## III. DISCUSSION

Plaintiffs allege four state claims against Defendant in their Complaint based upon Defendant's alleged ten month delay in responding to the short sale offer: 1) violation of the duties of good faith and fair dealing, 2) violation of California Business & Professions Code section 17200, 3) unjust enrichment, and 4) infliction of emotional distress.

### A.   Good Faith and Fair Dealing

Defendant seeks dismissal of Plaintiffs' good faith and fair dealing claim, arguing, "[t]he prerequisite for any action for breach of the covenant of good faith and fair dealing is the existence of a contractual relationship between the parties," and "Plaintiffs do not, and cannot, allege a contractual relationship relating to the short sale." (Mot. 3:14-15, 3:26-27.) Defendant further argues, "[t]o the extent Plaintiffs attempt to allege that the 'promise made by [Defendant] to short sale the property' was a contract, such claim must fail" because the alleged promise "relates to the sale of real property" and is "invalid under the statue of frauds." (Mot. 4:14-19 (citation

omitted).) Plaintiffs rejoin, "Defendant['s] promise to allow a short sale was clear and unambiguous [and] amounts to an unilateral contract." (Opp'n 4:10-11.) Plaintiffs do not respond to Defendant's statute of frauds argument.

"There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." Comunale v. Traders & General Ins. Co., 50 Cal. 2d 654, 658 (1958). The implied covenant "rests upon the existence of some specific contractual obligation. [It] is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose." Racine Laramie, Ltd. v. Dept. of Parks & Recreation, 11 Cal. App. 4th 1026, 1031 (1992). The implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of [the parties'] agreement." McClain v. Octagon Plaza, LLC, 159 Cal. App. 4th 784, 799 (2008).

Plaintiffs good faith and fair dealing allegations include:

> Plaintiffs relied to their detriment on the promise made by [Defendant] to short sale the property after their loan modification was denied.
>
> Relying on the representation, Plaintiffs took the necessary measures by hiring a realtor in order to find an able and ready Bona Fide Purchaser.
>
> The Bona Fide Purchaser's offer was higher than the actual value of the property.
>
> Relying on the representation, Plaintiffs were led to reasonably and justifiably believe that by finding a Bona Fide Purchaser[,] a short sale of their property would take place.
>
> . . . .

4

                    Defendant did not respond promptly as required
               by law.

                    . . . .

                    Defendant[] kept ignoring Plaintiffs'
               inquiries about their offer for a short sale.

                    Defendant[] finally responded exactly 10
               months after the offer for the short sale was sent.

                    As a result of the long delay and the untimely
               counter-offer sent by Defendant[, t]he Bona Fide
               Purchaser rescinded the purchase agreement.

(Compl. ¶¶ 18-21, 25, 27-29.)

        Plaintiffs do not allege the terms of the "promise" made by Defendant, nor how Defendant's conduct frustrated any specific provisions of the promise. Further, Defendant's alleged "promise to short sale the property" is invalid under the statute of frauds. Cf. Secrest v. Security National Mortgage Loan Trust 2002-2, 167 Cal. App. 4th 544, 553-54 (2008) (holding an unsigned forbearance agreement violated the statute of frauds since it attempted to modify a promissory note and deed of trust, which are subject to the statute of frauds). Therefore, Plaintiffs' breach of the implied covenant of good faith and fair dealing claim is dismissed.

    **B.**    **Business & Professions Code § 17200**

        Defendant argues Plaintiffs' California Business and Professions Code section 17200 ("§ 17200") claim should be dismissed because "Plaintiffs lack standing, and Plaintiffs fail to allege a predicate wrong." (Mot. 6:5-6.) Plaintiffs counter that Defendant's "sophisticated loan scheme" is an "unfair" business practice that "lead[s] to the grave consequence[] [of] Plaintiff[s] losing [their] home." (Opp'n 7:10-15.) Plaintiffs do not address Defendant's standing argument in their Opposition.

5

1   California's Unfair Competition Law, § 17200, prohibits "unlawful, unfair or fraudulent" business acts and practices. To have standing to state a § 17200 claim, a plaintiff must have "suffered injury in fact and ha[ve] lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Thus, Plaintiffs "must make a twofold showing: [they] must demonstrate injury in fact <u>and</u> a loss of money or property caused by unfair competition." <u>Peterson v. Cellco Parternship</u>, 164 Cal. App. 4th 1583, 1590 (2008); <u>see also</u> <u>Hall v. Time Inc.</u>, 158 Cal. App. 4th 847, 855 (2008) (holding "the second prong [of the standing test] imposes a causation requirement").

Plaintiffs do not allege they have lost money or property as a result of Defendant's conduct. Although Plaintiffs allege they will lose "their investment of $57,000.00," as a result of Defendant's conduct, they further allege that this amount comprises the monthly payments they were obligated to pay under their mortgage from September 2007 through March 2009. (Compl. ¶¶ 34, 35.) Therefore, Plaintiffs' § 17200 claim is dismissed.

### C.  Unjust Enrichment

Defendant also seeks dismissal Plaintiffs' unjust enrichment claim, arguing there is no claim for unjust enrichment under California law, "Plaintiffs have not alleged that Defendant has collected any payments that were not contractually authorized," and "an unjust enrichment claim does not lie where an express binding agreement exists and defines the parties' rights." (Mot. 7:22-23, 8:4-6, 8:9-14.) Plaintiffs rejoin, "[t]he Complaint allege[s] facts sufficient to maintain Plaintiffs' unjust enrichment claim." (Opp'n 7:22-23.)

There is a split of authority among California appellate courts concerning whether or not unjust enrichment is an independent claim versus a basis for obtaining restitution based upon a quasi-contract theory. See, e.g., Levine v. Blue Shield of California, 189 Cal. App. 4th 1117, 1138 (2010) ("[T]here is no cause of action in California for unjust enrichment. Unjust enrichment is synonymous with restitution.") (quotations omitted); Peterson v. Cellco Parternship, 164 Cal. App. 4th at 1593 (setting forth the elements of an unjust enrichment claim). In the cases that have recognized an unjust enrichment claim, the elements are: "the receipt of a benefit and the unjust retention of the benefit at the expense of another." Peterson v. Cellco Parternship, 164 Cal. App. 4th at 1593. "The mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefor." Id. (quotation omitted).

Plaintiffs allege in support of their unjust enrichment claim: "Defendants through their wrongful conduct . . . would reap substantial profits from the monies and investment of $57,000.00 belonging to Plaintiffs." (Compl. ¶ 48.) However, Plaintiffs also allege that the $57,000 consists of monthly mortgage payments. Therefore Plaintiffs' allegations do not plausibly suggest that Defendant unjustly received and retained this money. Further, Plaintiffs do not allege any facts supporting a quasi-contract theory of relief, which would entitle them to restitution as a remedy. Therefore, Plaintiffs' unjust enrichment "claim" is dismissed.

**D.  Infliction of Emotional Distress**

Defendant also seeks dismissal of Plaintiffs' "infliction of emotional distress" claim, whether it is based on negligence or intentional conduct, arguing *inter alia*, "the actions alleged against

7

1  Defendant - failing to respond to the short sale offer for ten months -
2  does not constitute outrageous conduct," and "Plaintiffs have not . . .
3  alleged any duty of care between themselves and Defendant, a lender."
4  (Mot. 8:18-20, 9:18-20, 10:3-4.) Plaintiffs rejoin, "[t]he Complaint
5  alleged facts sufficient to maintain Plaintiffs['] emotional distress
6  [claim]." (Opp'n 8:18-19.)

7  Under California law, the elements of an intentional infliction of emotional distress claim are: "(1) extreme and outrageous conduct by the defendant[; (2)] with the intention of causing, or reckless disregard of the probability of causing, emotional distress; [(3)] the plaintiff's suffering severe or extreme emotional distress; and [(4)] actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Hughes v. Pair, 46 Cal. 4th 1035, 1050 (2009) (quotation and citations omitted). "A defendant's conduct is 'outrageous' when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community." Id. at 1050-51 (quotation omitted).

In contrast, "[t]he negligent causing of emotional distress is not an independent tort but the tort of negligence." Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc., 48 Cal. 3d 583, 588 (1989) (quotation omitted). "The traditional elements of duty, breach of duty, causation, and damages apply." Id. (quotation omitted). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991).

Plaintiffs allege the following in support of their infliction of emotional distress claim:

> The Defendants' wrongful conduct was extreme and outrageous, for having waited for 10 months to respond to Plaintiffs' short sale offer which led Plaintiffs' Bona Fide Purchaser to rescind the purchase agreement. This has caused the Plaintiffs, who are both diabetic, to suffer sever physical and emotional distress as a result of frequent anxiety attacks, nervousness, embarrassment, in constant fear, accompanied with high blood pressure due to the impending sale of their home and the loss of the large amount of money invested in their home.

(Compl. ¶ 51.)

These allegations are insufficient to state a claim, regardless of whether it is based on intentional infliction of emotional distress or negligence. The allegation that Defendant's conduct was "extreme and outrageous" is conclusory, and Plaintiff have not alleged any conduct by Defendant beyond that "generally accepted in the debt collection and/or the foreclosure process, which is inherently stressful for debtors." <u>Ramirez v. Barclays Capital Mortg.</u>, No. CV F-10-1039 LJO SKO, 2010 WL 2605696, at *10-11 (E.D. Cal. June 28, 2010); <u>see also Justo v. Indymac Bancorp</u>, No. SACV 09-1116 JVS (AGRx), 2010 WL 623715, at *10 (C.D. Cal. Feb. 19, 2010) (dismissing intentional infliction of emotional distress claim based upon defendant's alleged misrepresentations and non-disclosures during loan modification process, since they "[did] not rise to the level of extreme and outrageous conduct"); <u>Smith v. Wachovia</u>, No. C 09-01300 SI, 2009 WL 1948829, at *4 (N.D. Cal. July 6, 2009) (allegations that defendant "wrongfully and intentionally initiated non-judicial foreclosure proceedings" were "not so extreme as to exceed the bounds of civilized society"). Further, Plaintiffs have not alleged the existence of a duty of care owed by Defendant since they have not alleged any facts from which it could be

9

plausibly inferred that Defendant exceeded the scope of its conventional role as a lender of money. Therefore, this claim is dismissed.

### IV. CONCLUSION

For the stated reasons, Defendant's motion to dismiss is GRANTED. Since all claims against Defendant are dismissed, Defendant's motion to strike is DENIED as moot. Plaintiffs are granted fourteen (14) days from the date on which this order is filed to file a First Amended Complaint.

This action may be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) if Plaintiffs fail to file an amended complaint within the prescribed time period.

Dated:   December 16, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

10